# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# GRAND RAPIDS DIVISION

| | |
|---|---|
| SHANNON M. HAWKINS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:21-cv-00503 |
| SUNRISE CREDIT SERVICES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Shannon M. Hawkins ("Plaintiff"), by and through her undersigned attorneys, complaining of the Defendant, Sunrise Credit Services, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Michigan Occupational Code ("MOC") pursuant to M.C.L. §339.901.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant business contacts in the Western District of Michigan, and all events or omissions occurred in the Western District of Michigan.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resides in the Western District of Michigan.

5. Defendant is a nationally licensed third party debt collection company. Defendant's principal place of business located at 260 Airport Plaza Blvd., Farmingdale, New York 11735. Defendant acted through its agents, employees, officers, members, directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

6. Prior to this action giving rise, Plaintiff incurred a debt with Charter Communications for $168.93 ("subject debt").

7. Thereafter, Defendant acquired the right to collect on the subject debt after Plaintiff's default.

8. In May 2021, Defendant began placing collection calls to Plaintiff's cellular phone number, (616) XXX-3548, attempting to collect on the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular phone number ending in 3548.

10. Immediately after the calls began in May 2021, Plaintiff answered a call from Defendant. During this call, Plaintiff requested that Defendant stop contacting her.

11. Despite Plaintiff's request, Defendant continued to place calls to Plaintiff's cellular phone.

12. Sometime in May 2021, Plaintiff received a call from Defendant, where she again asked Defendant to stop calling her cellular phone. Immediately thereafter, Defendant placed a call to Plaintiff's husband, John.

13. Notwithstanding Plaintiff's multiple requests for Defendant to cease contacting her, Defendant placed or caused to be placed additional calls to Plaintiff's cellular phone, between May 2021 and the present day.

14. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

15. Frustrated over Defendant's conduct, Plaintiff spoke with attorneys regarding her rights, with the hope of ending the harassing attacks and unfair practices by Defendant.

## DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Plaintiff has expended time consulting with her attorneys as a result of Defendant's harassing collection efforts.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

19. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with her attorneys.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

25. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. Defendant violated 15 U.S.C. §§1692c(a)(1), c(b) d, d(5), and f through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

28. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

29. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions and on back-to-back days. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

31. Defendant violated §1692c(b) when it contacted Plaintiff's husband, John in an attempt to collect on the subject debt in spite of being told not to be called anymore by the Plaintiff and the fact the John was not privy to any contract with Charter Communications.

### b. Violations of FDCPA § 1692d

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment

on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

33. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

### c. Violations of FDCPA § 1692f

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff through harassing means. Defendant repeatedly placed numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

35. Moreover, Defendant had been told by Plaintiff to stop calling her multiple times. Nevertheless, it persisted with its phone call campaign in contacting her, and knew that its conduct was inconvenient and harassing to Plaintiff.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through never-ending harassing phone calls to the phones of consumers in an attempt to collect on a debt.

**WHEREFORE**, Plaintiff SHANNON HAWKINS respectfully requests that this Honorable Court:
 a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
 b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
 c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
 d. Award any other relief as the Honorable Court deems just and proper.

<u>**COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE**</u>

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" or "debtor" as defined by M.C.L § 339.901(f) as she is a person that is obligated or allegedly obligated to pay a debt.

39. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another..

40. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(n)

41. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

42. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands in an attempt to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

43. Plaintiff told Defendant that its calls to her cellular phone were not welcome and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

### c. Violations of M.C.L. § 339.915(q)

44. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

45. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Plaintiff demanded that Defendant stop calling her cellular telephone. Notwithstanding Plaintiff's clear request, Defendant continued calling. This demonstrates the lack of any procedures in place Defendant designed to address consumer requests that incessant phone calls are inconvenient and should cease. As such, Defendant has failed to implement procedures designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

46. Defendant's violations of the MOC were willful. Defendant notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding her demands. Moreover, Defendant purposefully misidentified itself upon communicating with Defendant. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

**WHEREFORE**, Plaintiff SHANNON HAWKINS respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the MOC;

b. Enjoining Defendant from further contacting Plaintiff, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding Plaintiff statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Award Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2); ;

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 15, 2021                                Respectfully Submitted,

/s/ Omar Sulaiman
/s/ Marwan R. Daher
Omar Sulaiman, Esq.
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com